# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LYLE LEFLER,<br><br>　　　　　　　　Plaintiff,<br>　vs.<br><br>UNITED STATES OF AMERICA, JERRY CONRAD, Agent, and OTHER UNKNOWN NAMED AGENTS OF THE U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY,<br><br>　　　　　　　　Defendant. | CASE NO. 11cv220-LAB (POR)<br><br>**ORDER SCREENING COMPLAINT; AND**<br><br>**ORDER OF DISMISSAL** |

Plaintiff David Lefler, who is proceeding *pro se* and *in forma pauperis* in this action, filed a verified complaint seeking damages in connection with the seizure of his motor home by federal authorities.

Lefler entered the United States at the Andrade, California port of entry on November 27, 2005, driving his motor home. U.S. customs officials at the port questioned him, searched his vehicle, and found 556.97 pounds of marijuana concealed in it. Officials arrested him and confiscated both the marijuana and the vehicle. He later pleaded guilty to importing the marijuana, in case 05cr2313, *United States v. Lefler*. He was held in custody from the time of his arrest until his sentence was completed, on July 16, 2010. Beginning in August of 2009, he attempted to file a series of motions in the criminal docket seeking

return of his motor home. The Court ultimately rejected his motion for filing, but on appeal the Ninth Circuit held it should have been treated as a civil complaint. Following remand, the Court therefore opened a civil docket, granted Lefler leave to proceed *in forma pauperis* (IFP), and directed him to file a complaint. On May 19, 2011, he filed his verified complaint.

Because Lefler is proceeding IFP, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e), and to dismiss it to the extent it fails to state a claim. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also id.* at 1129 (holding that § 1915(e)'s screening requirement ""applies to all in forma pauperis complaints, not just those filed by prisoners").

In conducting the screening, the Court applies the same standard as for motions to dismiss under Fed. R. Civ. P. 12(b)(6). *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The Court therefore accepts as true all allegations of material fact and construes those facts in the light most favorable to Plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). "However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

The complaint seeks relief under the Federal Tort Claims Act (FTCA, 28 U.S.C. §§ 1346 *et seq.*), and under a *Bivens* theory, for violation of his Fourth, Fifth, and Fourteenth amendment rights. *See generally Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This is based solely on Lefler's claim that the federal agents unreasonably searched and seized his motor home and wouldn't give it back to him. The Court is not required to, and does not, accept Lefler's conclusory allegation that U.S. officials' search and seizure his vehicle was unreasonable.

Lefler's own allegations, under penalty of perjury, establish that he used the motor home to smuggle illegal drugs into the United States. The motor home therefore fits easily into the forfeiture provision of 21 U.S.C. § 881(a)(4), and under § 881(b) is subject to seizure in the manner set forth in 18 U.S.C. § 981(b). Under § 981(b)(2), no warrant is required for

1  the seizure and forfeiture if it is made pursuant to a lawful arrest. Again, Lefler's own
2  allegations establish beyond doubt the motor home was seized pursuant to an arrest. Under
3  § 881(c), the motor home remains in the custody of the Attorney General until disposed of
4  as provided under law; it is not subject to being returned to Lefler.

5  Before Lefler's property was actually forfeited (as opposed to merely seized), both the
6  forfeiture statutes and due process required that he be given notice and an opportunity to
7  be heard, so that he could contest the forfeiture. *Dusenbery v. United States*, 534 U.S. 161,
8  163–64, 167 (2002) (describing required notice under 21 U.S.C. § 881 and 19 U.S.C.
9  §§ 1607–09, and general due process requirements). Because the value of the motor home
10 was well under $500,000, § 1607(a) required both notice by publication, and written notice
11 sent to Lefler. Lefler alleges he never received notice of the forfeiture or an opportunity to
12 contest it. But all that is required both statutorily and constitutionally is that the notice be
13 sent, not that Lefler have actually received it. *Dusenbery*, 534 U.S. at 170 and n.5. No
14 additional efforts to give notice were required merely because Lefler was in custody at the
15 time. *Id*.

16 Even if Lefler could show notice was never sent, and that he would have contested
17 the forfeiture if it had been sent, a *Bivens* action would not lie because Lefler has a remedy
18 under § 983(e). *See King v. D.E.A.*, 2009 WL 6849443, slip op. at *1 (D.S.C., Feb. 3, 2009)
19 (noting that § 983(e) motion was the exclusive remedy, and that a *Bivens* action would not
20 lie); *Bermudez v. City of N.Y. Police Dept.*, 2008 WL 3397919 at *2 n.6 (holding that *Bivens*
21 claim was not cognizable, because "Plaintiff's sole remedy to challenge a completed
22 administrative forfeiture is a motion pursuant to 983(e)"); *North Carolina* ex rel. *Haywood v.
23 Barrington*, 256 F. Supp. 2d 452, 464 (M.D.N.C., 2003) (holding that availability of other
24 adequate remedies, *i.e.*, a § 983(e) motion, precluded *Bivens* claim based on allegedly
25 wrongful forfeiture). *See also* 18 U.S.C. § 983(e)(5) ("A motion filed under this subsection
26 shall be the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil
27 forfeiture statute.")
28 / / /

There is no reason, however, to allow Lefler to amend his complaint so as to transform it into a § 983(e) motion, because such a motion would fail. Lefler knew, or at the very least, had reason to know of the seizure within a sufficient time to file a timely claim. *See* § 983(e)(1)(B) ("[The] motion shall be granted if . . . the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.") Lefler immediately knew of the motor home's seizure, however. Most obviously, he knew because the seizure happened in his presence, when he was arrested. (*See* Compl., ¶ 7 ("Plaintiff's motor home was seized and confiscated on this date [November 27, 2005] by defendant.") *See In re Sowell*, 2009 WL 799570, slip op. at *3 (E.D.Mich., Mar. 19, 2009) (citing cases for the principle that § 983(e)(1)(B)'s requirement cannot be met when claimants were present at the time of the seizure). Second, the financial affidavit Lefler signed and filed in his criminal case the day after his arrest shows he knew the motor home had been seized; it lists his property solely as a 2002 Toyota pickup truck and $360 in cash. (*See* case no. 05cr2313, docket no. 4, dated and filed November 28, 2005.) If Lefler, as he now claims, had no idea his motor home had been seized and thought it belonged to him, he would have listed it here.

The only remaining questions in the *Bivens* inquiry are whether Lefler's arrest was legal, and whether U.S. authorities' search and seizure of his motor home violated his rights, and these are easily answered. Because Lefler was passing through a port of entry, customs officials were entitled to search his vehicle without a warrant or probable cause, in order to identify the illegal transportation of contraband. *United States v. Seljan*, 547 F.3d 993, 999 (9th Cir. 2008). This is exactly what they did. Having found a large amount of marijuana concealed in the vehicle, federal officials lawfully arrested him for importing the marijuana and seized the vehicle.

Lefler also brings a FTCA claim for "deprivation of his motor home." (Compl., ¶ 18(c).) It is unclear whether he is referring to the seizure or forfeiture or both, but regardless of what it was, he has no cognizable claim. The officers arresting him and seizing his vehicle were privileged to do so and committed no tort. To the extent it is based on the forfeiture of his

vehicle, it falls within the exception to FTCA claims embodied in 28 U.S.C. § 2680(c). Furthermore, although he sought relief via other avenues (*see* Complaint ¶¶ 13–16), he did not exhaust his remedies. *See* 28 U.S.C. § 2675(a) (establishing exhaustion requirements).

Lefler is therefore clearly not entitled to the return of his motor vehicle, and cannot amend his complaint to state a claim. The complaint, and this action, are therefore **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

DATED: May 20, 2011

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge